BEFORE THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DeVONA L. NOBLE,<br>　　　　　Plaintiff<br><br>v.<br><br>STATE OF MISSOURI, as and by the<br>DEPARTMENT OF HEALTH &SENIOR SERVICES<br>DIVISION OF SENIOR & DISABILITY SERIVES<br>a duly authorized and existing<br>Missouri political subdivision<br>**SERVE:** Missouri DHSS/DSDS<br>Human Resources Department<br>815 Olive St., Gallery #10.<br>St. Louis, MO  63101-1503<br>　　　　　Defendant | ) Cause No.<br>)<br>) Jury Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S TITLE VII OF THE CIVIL RIGHTS ACT 1964 COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, and for her Cause of Action against Defendant herein, states as follows:

1. That this Action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act of 1990, both as amended, for Employment Discrimination and Damages which flow therefrom; Jurisdiction is specifically conferred on this Honorable Court by 42 U.S.C. 2000e-5, 42 U.S.C. 12203 and 42 U.S.C. 12211; venue is proper in this District under 42 USCA 2000e-5(f)(3).

2. That at times complained of herein, Plaintiff resided in the City of St. Louis, State of Missouri and worked for Defendant, a duly authorized and existing Missouri political subdivision since on or about September of 2011 as an Employee,

starting as an Assessor Supervisor and now performing a job which is specifically identified as a Adult Protective & Community Service Supervisor; that this cause of action occurred and arose and occurred from Defendant's local Office for the transaction of normal business which was located in the City of St. Louis, State of Missouri 63101-1503; at the time of this Complaint filing, Plaintiff is still an Employee of Defendant.

3. Defendant is not only an employer, employer agency and/or labor organization, as defined at and in 42 USCA 2000e as well as 42 USC 12111(5, A) as a duly authorized employer engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year but also further has duly-existing place for the transaction of normal business at the above location.

4. That Defendant discriminated against Plaintiff in the matters enumerated *infra* beginning on, about and from September of 2011 through the present time.

5. That on, about and after the 19th day of April, 2013, Plaintiff timely filed charges of Employment Discrimination before the US EEOC in Charge No. 560-2013-01300, charging Defendant with acts of discrimination, as enumerated *infra*.

6. That on or about the 7th day of April, 2014, the US EEOC issued Notice to Right to Sue Documents that was received by Plaintiff on or about the 11th day of April,

-2-

2012, copies of which is attached to this Complaint and incorporated by reference as if fully set out herein; that pursuant to 42 USCA 2000e-5(f) (1) and 29 CFR 1601.28, Plaintiff met all conditions precedent to timely filing Suit herein.

7. That Defendant's unlawful employment discrimination acts include but are not limited to Defendant's failure to take corrective, curative and preventive action after being put on legal Notice by Plaintiff that chronic harassment was occurring.

8. That Defendant's employment discrimination acts include but are not limited to Plaintiff's race (African-American), sex/gender (female) and retaliation (for going to Employees, Officers, Supervisors and Agents of the Defendant about the incidents enumerated below and filing the above charge with the US EEOC), Defendant was Notified of same immediately and for months thereafter.

9. That the circumstances under which Defendant, through its employees, officers, supervisors, agents, servants, and independent contractors, all under Defendant's control discriminated on, about and after the 19th day of April, 2013, against Plaintiff for the above factors which include but are not limited to:
    (a) Plaintiff was the target of serial, chronic and acute harassment, including race, gender, and retaliation harassment by supervisors, officers, administrators and from other employees of Defendant in that Plaintiff trained new Assessors in ways to use Defendant's data for Clients which were not illegal.

-3-

(b) Plaintiff understands that the facts herein may be legally mixed motive matters, in which Defendant, through their employees, officers, supervisors, agents, servants and independents contactors, used Plaintiff's race, gender, and retaliation categories as motivating factors, without which Defendant's decisions to treat Plaintiff differently would not have occurred in that Defendant commonly violated HIPAA and confidentially rights of Defendant's Clients.

(c) Further, Plaintiff was targeted by Defendant for bringing the incidents enumerated *infra* to the attention of Defendant as well as filing Charges with the US EEOC, in violation of Defendant's Administrative Manual Protection of Retaliation Section.

(d) Plaintiff believes based on the incidents enumerated *infra* that Defendant has a regular pattern and practice of discriminating against employees with these protected classes;

(e) Plaintiff was the victim of serial, chronic and acute workplace harassment by Third Parties employees, officers, supervisors, agents, servants and independent contractors of Defendant, which include but may not be limited to Anjail Salik, Bobbi Jo Gorber, Stacey D. Garner, Kathryn Sapp, and Celesta Hartgraves, who apparently vowed to make Plaintiff's life a living hell for processing Defendant's data in ways that the State of Missouri Personnel Division Rules Manual provides.

- 4 -

(f) From at least after June, 2013, Defendant's Supervisors have demanded that Plaintiff work in ways that both Plaintiff's Medical Restrictions as well as the Family Leave Act prohibit.

(g) From at least after May, 2012, Defendant's Supervisors, including but not limited to Bobbi Jo Gorber, have wrongly accused Plaintiff of improperly supervising other Employees.

(h) Apparently other Employees of Defendant either received the same type of harassment and/or witnessed the conduct as asserted herein

(i) Even though Defendant has said of Plaintiff in writing:

> "Ms. Noble continues to demonstrate the ability to supervise her team of assessors, willing accepts new responsibilities and seeks every opportunity to better equip her through training…

Defendant not only keeps Plaintiff on Probation wrongly, but in violation of all the above, Defendant attempted to avoid legal responsibility for Plaintiff in relation to other similarly-situated employees who are treated more favorably than the way enumerated herein that Defendant discriminates against Plaintiff but the fact are that Defendant has, created and maintains personnel records of other employees, leaving Plaintiff, prior to Court-Ordered Discovery, not to have further information about this practice.

(j) That not only did Plaintiff tell employees, officers, supervisors, agents, servants and independent contractors of Defendant about these issues, Plaintiff reported same to the Plaintiff by way of Non-Union Represented Grievance Review on, about and after the 6th day of February, 2013.

(k) Before said harassment, Plaintiff was generally considered as an elite Employee of Defendant among most of Plaintiff's co-workers and was assigned to various duties from Defendant that apparently reflected Defendant's opinions about Plaintiff's honesty, loyalty, knowledge and hard work; for example, Plaintiff was recently promoted at least twice in less than three years.

(l) As Plaintiff understands the Human Resource Policy of Defendant not to mention the Federal Laws regarding Rights of Clients., Plaintiff has no choice but to report the above conduct to Defendant.

(m) Defendant did not discipline other similarly-situated employees in the same ways;

(n) Other Employees of Defendant got employment help from Defendant;

(o) Alleged work rules are interpreted by Defendant differently to and for Plaintiff's above protected classes;

(p) pursuant to 42 USC 12111(3) and (9)(B), Defendant could have offered Plaintiff types of job restructuring, for example transferring Plaintiff to this Defendant's other offices, from which Plaintiff would have continued to perform the essential functions of the employment;  by isolating Plaintiff, so that third parties could further terrorize Plaintiff with apparent impunity.

(q) more than all the above, when Plaintiff told Agents of Defendant the above, Defendant did nothing other than magnifying the trauma, stress and anxiety of Plaintiff

- 6 -

    (r) Defendant has failed to take corrective, curative and preventive action after being put on notice by Plaintiff of all the above.

10. Similarly-situated employees of other races, disabilities, and retaliation situations may have been disciplined, or not, but not fired for worse conduct, but Plaintiff does not have access to Personnel Records of Defendant prior to legal discovery and may have to refine these allegations after this Honorable Court Orders same.

11. Even though Plaintiff is aware that these actions involve adverse employment actions, discrimination and illegal harassment, she is unable at this point to delineate, especially without any legal discovery, which operated in what category.

12. That as a direct and proximate result of the above acts of Defendants through their employees, servants, agents and independent contractors all under the control of Defendant, Plaintiff has been injured and damaged in the following particulars and aspects:

    a. Plaintiff has been forced to expend and incur the approximate amount of reasonable and fair amounts of expenses to date for the reasonable and necessary medical and emotional treatments, allied care and attention to date for Plaintiff, Plaintiff will be forced and to expend and incur further amounts for similar services for a presently indeterminate time in the future;

    b. Plaintiff developed thereby stress, depression, and other emotional reactions thereto;

    c. Plaintiff lost time, wages, pension and similar benefits as well as his ability to be appropriately employed; Plaintiff will be forced to expend and incur further amounts for similar losses for a presently indeterminate time in the future;

    d. Plaintiff has been disabled and impaired from each and every social, professional and family activity to date; Plaintiff will be forced to incur further losses for a presently indeterminate time in the future;

    e. Plaintiff has endured pain and suffering from each and every item above to date; Plaintiffs will be forced to incur further losses for a presently indeterminate time in the future.

13. Pursuant to 42 U.S.C. Sections 12203 and 2000e-5 *et seq.*, Plaintiff appears to be entitled to reasonable attorney's fees, as well as litigation expenses and costs.

14. That as a direct and proximate result, Plaintiff prays judgment against Defendant in reasonable and fair amounts which are over seventy-five thousand dollars ($75,000.00).

WHEREFORE, Plaintiff prays on this cause of action that this Honorable Court order such relief as is necessary to make Plaintiff whole, including but not limited to damages including loss of pay and benefits, pecuniary loss, non-pecuniary loss, all other

compensatory damages, including loss of career, back pay, front pay, statutory liquidated damages due to Defendant's above conduct, to be allowed options to be re-hired or to retire with a positive career record, attorneys' fees and costs incurred in this action and for whatever further relief as appears to be just and equitable herein.

**LAW OFFICES OF DAVID R. SWIMMER**

*[signature]*

by David Swimmer, 22827
231 S. Bemiston, Suite 800
St. Louis/Clayton, MO  63105-1925
ph: 314/854-1345
fx: 314/854-9118
e-mail: dswimmer@juno.com
Attorney for Plaintiff herein

EEOC Form 161-B (11/09)          U.S. ~~JAL~~ EMPLOYMENT OPPORTUNITY COM~~~~ION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Devona Noble<br>4363 McPherson Ave.<br>Saint Louis, MO 63108 | From: St. Louis District Office<br>Robert A. Young Bldg<br>1222 Spruce St, Rm 8.100<br>Saint Louis, MO 63103 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2013-01300 | **Damian Rodriguez,** Investigator | (314) 539-7926 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature] for James R. Neely, Jr., Director

APR 07 2014 (Date Mailed)

Enclosures(s)

cc:  Human Resources Director          David R. Swimmer, Esq.
     STATE OF MO DHSS/DSDS            LAW OFFICE OF DAVID R. SWIMMER
     815 Olive Gallery #10             231 S Bemiston  Suite 800
     Saint Louis, MO 63101             Saint Louis, MO 63105