UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVONA L. NOBLE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:14-cv-01201-JCH |
| STATE OF MISSOURI, as and by the DEPARTMENT OF HEALTH & SENIOR SERVICES DIVISION OF SENIOR & DISABILITY SERVICES, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Missouri Department of Health and Senior Services, Division of Senior and Disability Services's ("DHSS") Motion for Summary Judgment. (ECF No. 22.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

The following facts are essentially undisputed. In July 2012, Plaintiff DeVona Noble, an African-American female, became permanently employed at DHSS as an Adult Protective and Community Supervisor. In this position she was responsible for supervising and directing the activities of DHSS assessors. Noble was subject to an initial six-month probationary period. Her supervisor had the ability to extend the probationary period in the event the supervisor deemed additional time necessary to evaluate her performance. (Defendant's Statement of Uncontroverted Material Facts ("SUMF"), ECF No. 23.1 ¶¶ 4-7.)

During Noble's initial probationary period, DHSS vendors and clients complained about Noble's work performance; specifically, they complained about her interaction with clients and her lack of responsiveness to phone calls and email correspondence. Two of Noble's supervisors

1

decided to extend Noble's probationary period to allow time for further observation and evaluation. A work plan was developed to assist Noble in managing responsiveness to correspondence, phone messages, and emails, and in completing reports. Noble successfully completed the extended probationary period. (SUMF ¶¶ 8-12, 22; Def. Ex. F, ECF No. 23.7 at 1.)

Meanwhile, in February 2013, Noble filed an internal grievance at DHSS, in which she grieved her placement on a work plan and the extension of her probation. (SUMF ¶¶ 13, 15; Def. Ex. G, ECF No. 23.8.) In June 2013, Noble filed a charge with the Equal Employment Opportunity Commission ("EEOC"), asserting race, gender, and age discrimination, and retaliation. (SUMF ¶ 17.) The only complaint that Noble specified therein was that the ratings she had received on a performance evaluation should have been higher. Specifically, Noble alleged:

> The rating that I received on this PERForM in the following areas are not appropriately rated; Knowledge of Work, Quality of Work, Situational Responsiveness, Initiative, Dependability, Performance Planning and Documentation are not reflective of my abilities in the job that I have been performing. The rating guide for the PERForM Components, state that a rating of a 6; shows appropriate ability; the employee met most of the stated objectives for the job component. The scores of these areas should be an 8 or a 9. [sic]

(SUMF ¶ 18; Def. Ex. H, ECF No. 23.09.) Noble made no specific allegations in support of her retaliation claim. (SUMF ¶ 19.) She also made no allegations pertaining to DHSS's treatment of other DHSS employees, or of harassment in the workplace. (Def. Ex. H.) Noble requested a right-to-sue letter prior to the EEOC's completion of its investigation, which the EEOC issued. (SUMF ¶¶ 20-21; Def. Ex. I, ECF No. 23.10.)

Noble timely filed suit against DHSS, asserting race and gender discrimination and retaliation under Title VII.[1] (Complaint, ECF No. 1.) In her Complaint, Noble alleges as follows. She was "the target of serial, chronic and acute harassment, including race, gender, and retaliation harassment by supervisors, officers, administrators and from other employees of [DHSS]." Her supervisors wrongly accused her of improperly supervising employees, and "demanded that [she] work in ways" that violated both her medical restrictions and the "Family Leave Act." Her supervisors "apparently vowed to make [her] life a living hell," and wrongly kept her on probation. She informed DHSS of the above-mentioned incidents, but DHSS "failed to take corrective, curative and preventive action," and has since "targeted" her. DHSS has also treated other similarly-situated employees more favorably. She believes that DHSS "has a regular pattern and practice of discriminating against employees with [sic] these protected classes." In her Complaint, Noble makes no reference to her PERForM scores, nor does she make any allegations pertaining to any inappropriate performance evaluations she received at DHSS. *Id.*

DHSS now moves for summary judgment. DHSS argues that Noble failed to exhaust her administrative remedies, and in the alternative, that Noble cannot establish a prima facie case of race or gender discrimination or retaliation. (ECF Nos. 22, 23.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The substantive law determines which facts are material, and only "disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

---

[1] Noble also asserted discrimination under the Americans with Disabilities Act ("ADA"), but she indicated in her summary judgment response that she no longer seeks damages under the ADA.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, the Court must view the facts in a light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party discharges this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quotations omitted). "[T]he party opposing summary judgment may not rest on the allegations in its pleadings; it must set forth specific facts showing that there is a genuine issue for trial." *United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir 2006) (quotation and citations omitted). An issue of fact is genuine when the evidence is such that "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson*, 477 U.S. at 248. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

## DISCUSSION

"A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006) (citations omitted). "A claimant must first timely file an administrative charge with the EEOC." *Id.* (citations omitted). "The charge must be sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Id.* (citation omitted). A plaintiff's EEOC charge "limits the scope of the subsequent civil action because the plaintiff may only seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Id.* (quotation and citation omitted). Although the Court will "liberally

4

construe an administrative charge for exhaustion of remedies purposes," the Court also recognizes that "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Id.* at 635 (quotation and citation omitted).

DHSS contends that Noble failed to exhaust her administrative remedies. Specifically, DHSS argues that Noble's allegations in her Complaint go well beyond those that could reasonably be expected to grow out of the discriminatory act alleged in her EEOC charge—that her PERforM scores were lower than what they should have been. (ECF No. 23.) In response, Noble argues that she "went to the EEOC because she was being discriminated against by her employer on how her work was evaluated," and that her PERForM scores were "a numerical evaluation of her work." She contends that her federal Complaint "break[s] down how she was evaluated more specifically," and that "it is more than reasonable that specific accusations of her work evaluation would grow out of her EEOC claim." (ECF No. 28 at 6-7.)

The Court concludes that Noble's claims of disparate treatment, hostile work environment, and retaliation in her Complaint fail because she has not exhausted her administrative remedies. Noble's claims in her Complaint do not grow out of and are not like or reasonably related to the substance of the claim in her EEOC charge. In her EEOC charge, Noble specifically complained that she was discriminated against when she received inappropriate PERForM scores. Noble neither alleged nor alluded to facts relating to the disparate treatment of similarly-situated employees at DHSS; to harassment in the workplace; or to any retaliation by DHSS against her. *Cf. Cottrill*, 443 F.3d at 634-35 (hostile work environment claims in plaintiffs' EEOC charges were not broad enough to encompass disparate treatment claims in plaintiffs' complaint; EEOC charges alleged no facts concerning, inter alia,

5

treatment of male employees); *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) (appellants' claims of age discrimination based on failure to promote in their EEOC charges were not broad enough to encompass hostile work environment claims in complaint); *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000) (retaliation by discipline claim in plaintiff's complaint did not grow out of and was not like or reasonably related to substance of plaintiff's retaliation by termination claim in her EEOC charge because "such allegations were not specified or even alluded to in her EEOC charge").

Contrary to Noble's contention that her Complaint breaks down how her work was evaluated, her Complaint makes no mention of her PERForM scores, how her work was evaluated, or whether her performance evaluations had anything to do with her placement on extended probation. To allow Noble to proceed on the claims she asserts in her Complaint would permit her to bring claims in court that "are outside the scope of [her] EEOC charge," which would "circumscribe the EEOC's investigatory and conciliatory role and deprive [DHSS] of notice of the charge." *Cottrill*, 443 F.3d at 634; *see also Stuart*, 217 F.3d at 630-31 ("The breadth of the civil suit…is as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination.").

Because Noble has failed to establish that she exhausted her administrative remedies with respect to the claims she asserts in her Complaint, the Court need not consider whether she established a prima facie case of discrimination or retaliation. DHSS is entitled to summary judgment.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Department of Health and Senior Services, Division of Senior and Disability Services's Motion for Summary Judgment (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff DeVona Noble's Complaint is **DISMISSED with prejudice**. A separate judgment will accompany this memorandum and order.

Dated this 3rd day of December, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE